### DALBY v. WALL. (No. 2160.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1919.)

EVIDENCE ☞314(1)—NOT ERRONEOUSLY ADMITTED AS HEARSAY.

Testimony of a witness, "I was not present when the note was transferred from D.'s attorney to Mrs. W. through G.," *held* not ob-

jectionable as hearsay, as it could not reasonably be thought that the trial court gave such testimony any other probative force than that "witness was not present" at the alleged occurrence.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Suit by J. W. Wall against A. L. Dalby. Judgment for plaintiff, and defendant appeals. Affirmed.

T. H. Briggs and Stephens & Sanders, all of Gilmer, for appellant.

G. L. Florence, of Gilmer, and Simpson, Lasseter & Gentry, of Tyler, for appellee.

LEVY, J. The appellee brought this suit in trespass to try title and for partition of 100 acres of land of the John Lowery headright. The trial was before the court without a jury, and the judgment awarded the plaintiff and the defendant each 50 acres of the land, charging the appellant's portion of the land with a lien in favor of the appellee for $67.50. Partition was also decreed. It appears from the record that the appellant, as owner, conveyed the 100 acres of land to J. L. Goodwin, and as a part of the consideration executed two vendor's lien notes each for the sum of $500. Mrs. M. E. White, as holder and owner of the first one of the notes, brought suit and obtained a judgment of foreclosure of the lien. Appellee contended in the trial that he purchased the land in controversy at sheriff's sale under the above judgment, and had a sheriff's deed to him therefor. The appellant claimed title by reason of a reconveyance of the land from J. L. Goodwin in satisfaction of the second vendor's lien note. There is no complaint on appeal respecting the judgment or the evidence. The assignments are predicated upon errors as to admission and rejection of evidence. The witness Goodwin testified as follows:

"I was not present when the note was transferred from Dalby's attorney to Mrs. White through George Wright."

The objection made to that answer is that it assumes that the note was transferred to Mrs. White, and was hearsay. It is thought that the words "when the note was transferred from Dalby's attorney to Mrs. White through George Wright" were intended to be used by the witness only to identify the supposed occurrence at which he "was not present." It is reasonably thought that the trial court so understood the answer of the witness, and gave it only that probative force that the witness "was not present" at the alleged occurrence. Assignment of error No. 1 is overruled. The second, third, and fourth assignments predicate error upon the admission of evidence. It is thought that the trial

---

court did not err in admitting the evidence complained of, and that he gave the answers of the witnesses the proper probative force. The witnesses intended only to state particular facts within their personal knowledge, and not to give their opinion in reference thereto. The fifth assignment is based upon the particular statements of the witness Wright as to the transaction relative to the purchase of the note by him for Mrs. White. The witness was intending to state only the particular facts concerning the transaction. It is concluded that the assignment should be overruled. The sixth and seventh assignments of error do not, it is concluded, present reversible error.

The judgment is affirmed.